UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

CHANG MIAO YE,

        Defendant.

---

09-CR-184

Sentencing Statement of
Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

    A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

    The sentencing court's written statement of reasons "explain[s] why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." United States v. Cavera, 550 F.3d 180, 193 (2d Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On September 4, 2009, Chang Miao Ye pled guilty to count two of a four-count indictment which charged that the defendant, together with others, intended to defraud the United States by smuggling and clandestinely introducing and attempting to introduce merchandise into the United States that should have been invoiced, and did make out and pass through the customhouse false and fraudulent invoices and other documents and papers, in violation of 18 U.S.C. § 545.

Ye was sentenced on January 21, 2010. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, the court found the total offense level to be thirty-three and defendant's criminal history category to be one, yielding a guidelines range of imprisonment of between 135 and 168 months. The offense carried a maximum term of imprisonment of twenty years. 18 U.S.C. § 545. The guidelines range of fine was from $17,500 to $175,000. The underlying charges in the indictment were dismissed upon motion by the government.

Ye was sentenced to two years' imprisonment and three years' supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not, and will not in the future, have assets to pay a fine. Restitution was ordered in the amount of $10,000 to victim Louis Vuitton North America, Inc.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C.

2

§ 3553(a) and Booker. The court considered the statements of the defendant, as well as his wife and young daughter.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). The defendant played a primary role in a serious, prolonged counterfeiting conspiracy. Despite his involvement in this conspiracy, the defendant has demonstrated a strong work ethic and a commitment to supporting his family. A sentence of two years reflects the seriousness of the offense and will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in counterfeiting will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation, the defendant's deportation upon his release, and the impact of this conviction on the defendant's ability to apply for certain kinds of employment. It is unlikely that he will engage in further criminal activity in light of his remorse, family circumstances, and deportation.

Jack B. Weinstein
Senior United States District Judge

Dated: January 22, 2010
Brooklyn, New York

3